## STATE *v.* JOHN HAYS

CRIMINAL LAW. *Jeopardy. Discharge of jury in absence of accused. New trial should be granted.* The rule that no one shall be twice put in jeopardy for the same offense, does not obtain in cases where the verdict of guilty was returned and the jury discharged in the absence of the accused. A new trial should be granted in such case.

---

### FROM OBION.

---

Appeal in error from the Law Court at Union City. S. W. COCHRAN, Sp. J.

ATTORNEY-GENERAL LEA for the State.

W. H. SWIGGART for Hays.

TURNEY, J., delivered the opinion of the court.

The defendant was indicted for and convicted of grand larceny. When the jury come into court with its verdict the accused was not present, but was in the custody of an officer and handcuffed in another room.

After the jury had been discharged and had retired, the prisoner was brought into court, when he moved to be discharged, which was done, and the State appealed.

It is now insisted the defendant was, by the proceeding of that trial, once in jeopardy, and cannot lawfully be put upon trial the second time for the same offense. A number of cases are cited and relied upon to sustain the position. An examination of the cases

State *v.* Hays.

shows that the discharge of the jury was without consent of the accused, and before, or rather without, verdicts. All proceed upon the hypothesis that at the time of the discharge of the juries there was a chance or a probability, or at least a possibility, of acquittal, and that under the circumstances it was presumable the defendant could not be placed in so favorable position before another jury. The rule established by the Constitution is in favor of life and liberty, and is meant really to protect against repetition of prosecutions when there has been one acquittal or conviction unappealed from and unreversed. It does not obtain in a case like the present when the prisoner can be returned to as favorable surroundings on a second trial as he was upon the first, as the result of the one shows, and will not be incurring the jeopardy guarded against by the Constitution on the second trial.

The cases cited have the full length of securing the person accused of crime protection against a second jeopardy, and we are not at all disposed to extend the construction. It was error to discharge the prisoner, the court should have granted a new trial.

Reverse the judgment and remand the cause for trial.